IN THE MATTER OF THE PETITION OF THE RONDOUT AND OSWEGO RAILROAD COMPANY *v.* RICHARD DEYO and CATHARINE his wife, and others.

(GENERAL TERM, THIRD DEPARTMENT, JANUARY, 1871.)

The testimony annexed to the report of commissioners appointed to appraise property taken for railroad purposes, pursuant to statute, is to be considered a part of the report, for the purpose of a review of the commissioners' proceedings.

It appearing that a single witness as to the value of the lot was sworn before the commissioners, who testified that he lived in the vicinity of the premises, that he knew from what others said the value of real estate in the vicinity, and stated the market value and amount paid for other lots in the neighborhood, *Held,* that the evidence was competent, and sufficient upon the question of value.

The commissioners need not, however, be controlled by the evidence taken before them as to the value of the property, but must decide according to their own judgment; and an award made without testimony would be regular.

Evidence as to the intended use of the land to be taken, *held* admissible as a part of the *res gestæ,* to show the circumstances under which the land was taken and its situation when appropriated.

The admission of testimony to the effect that the road would damage the lot of which the land taken was a part, but that the taking of the piece would not much depreciate the value of the property, as it was left open for a road, does not justify a reversal of the proceedings.

Chapter 648 of Laws of 1866 does not embrace more than one subject, and that is expressed in its title.

THIS is an appeal by Richard Deyo, the owner of the real estate described in the petition in this matter, from the appraisal and report of commissioners appointed by the court to ascertain, appraise and determine the compensation which ought justly to be made to the owners and parties interested in real estate taken by the Rondout and Oswego Railroad Company. The commissioners were appointed on the 27th day of July, 1869; took the testimony on the 29th day of July; and the report was made July 30, 1869, and the order of confirmation was made August 31, 1869. The notice of appeal was served September 17, 1869.

The land taken was a narrow strip, fifteen feet wide, off the rear end of a large lot owned by Deyo, and in length 309 feet. The commissioners allowed $300 as the compensation to be made for the land taken. No irregularities or errors were specified in the notice of appeal or other papers.

*S. L. Stebbins*, for the appellant.

*A. Schoonmaker, Jr.*, for the respondent.

Present—MILLER, P. J., POTTER and PARKER, JJ.

By the Court—MILLER, P. J. The printed papers upon this appeal contain the report of the commissioners and the testimony taken on the hearing, which purports to be annexed to the report. In reviewing the proceedings, I am inclined to think that the testimony must be considered as a part of the report. Such seems to have been the practice in several cases. (*N. Y. and E. R. R. Co.* v. *Corey*, 5 How., 177; *The Same* v. *Coburn*, 6 id., 223; *R. and S. R. R. Co.* v. *Budlong*, 6 id., 467; *R. and G. R. R. Co.* v. *Beckwith*, 10 id., 168; *T. and B. R. R. Co.* v. *N. T. Co.*, 16 Barb., 100.)

Assuming that the testimony is to be taken into consideration in reviewing the proceedings, it is proper to examine the questions which are presented thereby in connection with the report. The railroad company applied to the court to acquire title to the land described in the report, for the purpose of constructing or operating the proposed road. No objection was made to the application, and the commissioners were appointed to appraise the value of the land, and the compensation to be made to the owner or owners. The only questions, then, which can properly be made, are as to the proceedings of the commissioners on the appraisal. We have nothing to do, upon this appeal, with any question as to the propriety of taking the land for the purposes intended, or with any question which may hereafter arise as to the right of the company to lay their track beyond the bounds of the land which they may acquire by this proceeding.

It is objected that the evidence of value was incompetent. Only one witness was sworn before the commissioners as to the actual value of the lot, and no objection was made to his evidence, there being no appearance by the appellant. He testified that he lived in the vicinity of the premises, and he knew, from what others said, the value of real estate in the vicinity; that one Cassidy had paid $1,000 for his lot, and the market value of lots, 50 by 100 feet, was about $400; but the lot in question in this matter was not worth quite as much. Conceding that the appellant was entitled to the benefit of all legal objections, the same as if he had been present and made them, I am inclined to think that the evidence was competent. It is manifest that the witness, living in the vicinity, had some knowledge of the value of lots there, as he testified; and it was not, in my opinion, essential that that knowledge should be derived from actual experience in buying and selling, or being present at a sale, but it was sufficient that it was derived from the opinion of others, in connection with an acquaintance with the locality. The evidence was not hearsay, but the expression of an opinion derived from knowledge as well as information from others. This is, I think, competent upon a question of value, which is generally a matter of opinion, derived from knowledge, in part, but mainly from information received from other parties. It may be added, that the testimony of witnesses, in proceedings of this character, as to value, is not controlling. The commissioners, after all, must decide according to their own judgment; and even an award made without testimony is regular. (*Rondout and O. R. R. Co.* v. *Field*, 38 How., 187.)

Nor was there any error in the evidence given by the engineer as to the intended use of the land to be taken. It was proper to show the circumstances under which the land was taken, and its situation when appropriated, as a part of the *res gestæ*. This is not testimony affecting compensation, but for the purpose of showing the actual state of the matter; and there is nothing in the case which shows that it had any effect whatever upon the commissioners in awarding damages.

The testimony that the railroad going through would damage the lot, but the taking of the fifteen feet would not much depreciate the value of the property, as it was left open for a road, is very remotely material, if of any importance, as consequential damages could not be allowed. I am not prepared to say that this expression of opinion, which immediately followed the evidence of the witness, as to the value of the lot, was erroneous, and would justify a reversal of the proceedings.

I think there is no force in the objection urged, that the proceedings are void because the last section of the act of 1866, chapter 648, under which the original petition was framed, embraces two subjects, one of which is not expressed in its title. The section referred to relates to the same subject-matter, and there is no such discrepancy between this and the other purposes of the act as would authorize this court to hold that the act, or any portion of it, was void and in violation of the Constitution.

I have examined the other questions raised, and am of the opinion that there was no error in the report and proceedings, and that the order appealed from should be affirmed, with ten dollars costs of appeal.

Judgment affirmed.